*Law Library*

**IN THE SUPERIOR COURT
OF GUAM**

JUNG YE KANG,                                    )        Domestic Case no. DM 0675-09
                                                 )
                     Plaintiff,                  )
                                                 )
         v.                                      )
                                                 )        **DECISION AND ORDER**
                                                 )        re: Motion to Disqualify Opposing Counsel
BYONG HI KANG,                                   )
                                                 )
                                                 )
                     Defendant.                  )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 2, 2012. The Plaintiff was represented by Attorney Leslie Travis. The Defendant was represented by Joaquin C. Arriola. After considering the matter presented, the court now issues the following decision and order denying Defendant's Motion to Disqualify Opposing Counsel.

## BACKGROUND

This matter arises out of Defendant's Motion to Disqualify Attorney G. Patrick Civille and the law firm of Civille & Tang, PLLC ("Civille & Tang") from representing the Plaintiffs in the instant action. Defendant alleges that confidential information was disclosed when Attorney G. Patrick Civille represented Defendant in previous civil litigation.

## DISCUSSION

Defendant moves this Court to order the disqualification of Attorney Patrick Civille and his firm, Civille & Tang based on a conflict of interest between its current representation of Plaintiff and its former representation of Defendant. Defendant argues he previously retained Attorney G. Patrick Civille to represent him in matters that are substantially related to the firm's current representation of Plaintiff. Defendant alleges Plaintiff's interests are material adverse to

Defendant's and does not give written consent to such representation. Guam Rules of Professional Conduct, Rules 1.9 and Rule 1.10 provide:

**Rule 1.9: Duties to Former Clients**

(a) A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client *unless* the former client gives informed consent, confirmed in writing.

**Rule 1.10: Imputation of Conflicts of Interest: General Rule**

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or Rule 1.9, unless the prohibition is based on a personal interest in the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Guam R. Prof. Cond. 1.9 (2002); *see also* ABA Model R. of Prof. Cond., Rule 1.9 (2002)

The moving party is subject to a "high standard of proof to show that disqualification is warranted." *Victors v. Kronmiller,* 553 F.Supp.2d 533, 551 (D. Md. 2008) (applying Maryland's Lawyers' Rules of Professional Conduct 1.9(a), modeling the ABA Model Rules) (citation omitted). In the instant case, Defendant carries this burden and must show a "substantial relationship between the former and current representation." *Somascan Plaza, Inc. v. Siemens Medical Systems, Inc.,* 187 F.R.D. 34, 38 (D. Puerto Rico 1999). Disqualification must be warranted because Courts have found "an attempt to disqualify the opposing attorney is often tactically motivated and disruptive to the litigation process, [therefore] disqualification is a drastic measure that is generally disfavored," *Skyy Spirits, LLC v. Rubyy, LLC, No.* CV-00646-09 WHA, 2009 WL 3762418.

Mr. Civille formerly represented Defendant in a federal criminal case, *Reich v. Guam Construction Co. and Byong Hi Kang* (CR- 00043-98), and federal civil matter,

*USA v. Byong Hi Kang* (CV-00062-96). Defendant asserts the matters are substantially related as the previous litigation involved the assets of the community, the character and conduct of Defendant, the interest of Mrs. Kang (if any) in Guam Construction Co. Mr. Civille disputes Defendant's statements in his Declaration. Mr. Civille's prior representation was 14-16 years ago, due to this extreme passage of time, the office may have lost or destroyed the criminal file during a move to their current office. And after review of the civil case file, Mr. Civille finds the file to be incomplete and nothing in the file has a bearing on the issues in the current divorce action. Thus, Mr. Civille and the attorneys of Civille & Tang do not personally have confidential information material to the case. Defendant's marital status was not an issue in either case and there were no particular details which were "significant, confidential, personal, private, and financial information about [Defendant] and Guam Construction Company ("GCC")" were revealed. *See* Motion to Disqualify Counsel, Memo of Pts. & Aths ("MPA"), p. 2 (July 13, 2012).

Defendant further cites to ABA Model Rules of Professional Conduct, which were adopted and made part of the Guam Rules of Professional Conduct in 2003, per Supreme Court of Guam Promulgation Order No. 04-002. The Comment to ABA Model Rule 1.9 provides guidance on matters which are "substantially related".

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. *For example, a lawyer who has represented a business person and learned extensive private financial information about that person may not then represent that person's spouse in seeking a divorce.*

Defendant submits Rule 1.9 mandates the disqualification of an attorney based on an impermissible conflict of interest due to former representation where the following elements are met 1) former representation of a client 2) the current representation involves a matter that is the same or substantially related to the subject of the prior representation and 3) the present representation is materially adverse to the interests of the former client. Defendant contends Mr. Civille and his law firm previously represented him and his business, thereby learned extensive private financial, and other, information about Defendant and the business. As such, Mr. Civille may not then represent Plaintiff in a divorce matter.

Plaintiff rebuts Defendant's argument with important competing policies "such as permitting a litigant to retain counsel of his choice and enabling attorneys to practice without excessive restrictions.'" *Id.* at 513-14 (quoting *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir.1980)). Therefore, courts have uniformly held that "[d]disqualification is not automatic" just because the elements have been met. The governing test explained by the court in *Skyy Spirits, LLC v. Rubby, LLC* provides guidance as to what would warrant disqualification. If "the information acquired during the first representation [must] be "material" to the second; that is, it must be found to be directly at issue in, or have some critical importance to, the second representation." *Farris v. Fireman's fund Ins. Co.,* 119 Cal.App.4th 671, 680, 14 Cal.Rptr.3d 618 (Ct.App.2004).

With conflicting public policies in mind, the Court must first examine the nature of the prior representation and compare the similarities with the nature of the claims and defenses asserted in the current lawsuit. The previous actions involved labor and immigration. Plaintiff submits the scope of the discussions was limited to labor laws, payroll, and corporate records. The instant action is a claim for divorce. The information acquired during the prior

representation of Defendant is not "directly at issue in, or have some critical importance to," this case. *Skyy Spirits, LLC* 2009 WL 3762418. This Court finds it unlikely prior representation of Defendant divulged materially relevant information about Defendant's personal family and relationship history, personal property and financial information, and potential claims and defenses.

This Court finds based on the nature of the prior and current lawsuit, the matters in the prior and current representation are not substantially similar. Nonetheless, this Court bears in mind the potential for overlapping issues because former representation involved the Guam Construction Company, which is a marital asset. Plaintiff maintains that the scope of the two representations and issues involved therein, are not related or similar. The court in *Microsoft Corp. Commonwealth Scientific and Industrial Research Organization* held that although the work involved related subject matter, "the sole presence of related subject matter does not establish a substantial relationship" *Microsoft Corp. Commonwealth Scientific and Industrial Research Organization* 2007 WL 4376104 (E.D. Tex. Dec. 13, 2007) ("While the moving party is not required to produce the actual documents to prove a substantial relationship, it does have the burden to prove that the matters are substantially related") Accordingly, this Court finds Defendant has not made any specific allegations as to the substantial similarity between the two representations and therefore have not meet their burden.

Even if the matters were substantially similar, the extreme passage in time bears heavily on the accuracy of the information. Assuming *arguendo*, Mr. Civille did acquire extensive financial information from prior representation that information was based on his financial status 14-16 years ago, Plaintiff contend that any facts that might have been relevant to the instant matter are likely no longer accurate. Furthermore, such inaccuracy "negates the implication that

any information Mr. Civille may have been privy to as Defendant's counsel in the prior matters may have any materiality in Plaintiff's present action for divorce." *See* Opposition to Motion to Disqualify Counsel, p.11 (July 19, 2012). This Court denies Defendant's Motion to Disqualify Opposing Counsel on the basis that the matters in the prior representation are not substantially similar, materially relevant, or critically important to the issues in the instant action.

## CONCLUSION

Based on the foregoing, this Court finds Defendant has not met their burden to show that the prior representation by Mr. Civille and the current matter are substantially related. As stated above, Defendant's Motion for Disqualifying Opposing Counsel is **DENIED.**

DEC 1 4 2012

SO ORDERED, this ____ day of _____ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam



DEC 1 4 2012